AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

FILED
MAY 28 2019
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

| | |
|---|---|
| In the Matter of the Search of | ) |
| Cell Phone, Model LS676, Serial Number 709CYMR2498411, CURRENTLY LOCATED AT Federal Bureau of Investigation, 2222 Market Street, St. Louis, Missouri | ) ) ) ) ) |

Case No. 1:19MJ4145 ACL

## APPLICATION FOR A SEARCH WARRANT

I, **Brian W. Ritter**, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A

located in the **EASTERN** District of **MISSOURI**, there is now concealed

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 844(e) | Malicious Threats to Intimidate and/or Destroy Building by Means of Fire |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Brian W. Ritter, SA, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 28, 2019

*Judge's signature*
Abbie Crites-Leoni, U.S. Magistrate Judge
*Printed name and title*

City and state: Cape Girardeau, MO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF LG Cell Phone, Model LS676, Serial Number 709CYMR2498411, CURRENTLY LOCATED AT **Federal Bureau of Investigation, 2222 Market Street, St. Louis, Missouri** | Case No. 1:19MJ4145ACL |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, **Brian W. Ritter**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a **Special Agent** with the **Federal Bureau of Investigation, and have been since March 3, 1996. As part of my duties, I have investigated numerous investigations involving electronic devices.**

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.      The property to be searched is an LG Cell Phone, Model LS676, Serial Number 709CYMR2498411, hereinafter the "Device." The Device is currently located at the **Federal Bureau of Investigation, 2222 Market Street, St. Louis, Missouri.** The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

5.      On May 7, 2019, SA Brian W. Ritter of the Federal Bureau of Investigation (FBI) was contacted by Investigator Brandon Caid of Health and Senior Services, Special Investigations Unit. Caid advised he was working an investigation in which elderly victims L.G. and T.G. were being threatened by subject Dennis Ray Pikey by text messages. Caid advised that the victims have received multiple text messages over several days from Pikey.

6.      The victims know Pikey and know his cell phone number, which has been the source of the threatening texts. The victims met Pikey when he was a former inmate at the Mississippi County Jail in Charleston, Missouri. The victims are a husband and wife from a local church in Bertrand, Missouri that regularly provides volunteer ministry outreach to inmates at the jail. During their ministry, Pikey befriended L.G. and T.G. through their ministry.

7.      After Pikey was released from jail, he continued to communicate with L.G. and T.G. Later on, Pikey visited T.G. while he was residing in a retirement/assisted living facility in Cape Girardeau, Missouri. During the visit, Pikey made statements that changed how T.G. and his wife L.G. looked at him. Pikey started making statements that he was having a relationship

2

with their adult daughter, which was not true, and disturbed them. Pikey's behavior also became more aggressive toward L.G. and T.G. As a result, they requested and received a full order of protection in Mississippi County, Missouri to keep Pikey away from them and from communicating with them. The protection order went into effect January 1, 2018 and was for a period of 1 year before it expired. After the order of protection expired, Pikey resumed making threats in February 2019 to both L.G. and T.G. by text message to their cell phones from Pikey's cell phone.

8.  L.G. and T.G. both are aware of Pikey's cell phone number from their previous communications with him by text and voice calls. L.G. and T.G. advised Pikey's cell phone number is (816)787-8766. L.G. advised that Pikey has repeatedly threated by text messages to sexually assault her in graphic terms and to burn their church down in Bertrand, Missouri. Victim L.G. advised they have received a few pictures from Pikey via text messaging. One of the pictures sent by Pikey looked like a crucifix that may have had blood on it.

9.  On May 7, 2019, a search of Pikey's criminal history in the Missouri uniform Law Enforcement System (MULES) and National Crime Information Center (NCIC) confirmed telephone number (816)787-8766 is a current listed phone number for registered sex offender Dennis Ray Pikey. His registered address was listed as 3931 E. Scarritt Ave, Apartment 2, Kansas City, Missouri. A caution indicator was noted for violent tendencies.

10. On May 7, 2019, consent to search the personal cell phones of L.G. and T.G. was obtained by your affiant. On same date, Sgt. Jeremy Weadon of the Missouri State Highway Patrol conducted a forensic examination of L.G. and T.G.'s cell phones to recover all texts associated with Dennis Ray Pikey and his telephone number (816)787-8766. As a result, over 70

texts were located on T.G.'s cell phone that started as of February 26, 2019. Over 200 texts were located on L.G.'s cell phone that started as of March 23, 2019.

11.   The following are a sample of text messages from Pikey that were received by victim L.G. on her cell phone:

3/28/2019

From (816) XXX-8766

To (573) XXX-4053

"Kiss your goddamned building goodbye."


3/28/2019

From (816) XXX-8766

To (573) XXX-4053

"I'd stay away from y'alls useless church building if
I was u , just a suggestion."


4/5/2019

From (816) XXX-8766

To (573) XXX-4053

"How bad do u want to save your building? That
woman that came with her husband & re-tarted
son to visit Tom at Cape Girardeau before having
his surgery, you know the one. I want her , you &
your daughter to come up here & spend the night

4

or two , just the 3 of u. If I come down there & get with u 3 you're losing your building so not coming isn't going to change things , it will just save your building. I'm only giving y'all a couple of days to talk about it , then I'll come down there. Let's see how smart y'all are."

4/6/2019

From (816) XXX-8766

To (573) XXX-4053

"I just know you're ignoring me & or not taking me seriously, don't make mistakes, I don't have any family , friends & lost my daughter. Maybe you think I'm not really coming down there , don't make that mistake , have I not been down there 3 times now. I just wanted to talk thee last time , that's the reason y'alls building is still there , no more talking. Does anyone down there want to face me ? , your husband ? , your town pig ? , your jesus ? I'm just giving you a chance to save your building, don't mean shit to me if y'all lose it , the clock's ticking. Women never can make the right choice, but have it your way cause I'm still going to be with you 3 & burn your fucking

building down…"

4/11/2019

From (816) XXX-8766

To (573) XXX-4053

"I'm going to fuck u in your ass honey , just like jesus did me. I hope my daughter hates him , she knows he could've helped us , oh , but then Tom told me he isn't going to bend over backwards for me. I don't care if he bends over backwards or forwards. He can suck my cock like you're going to sweety."

12.    The following are a sample of text messages from Pikey that were received by victim T.G. on his cell phone:

4/15/2019

From (816) XXX-8766

To (573) XXX-1075

"Close your church doors before someone gets hurt. Your services is a joke anyway."

4/25/2019

From (816) XXX-8766

To (573) XXX-1075

"I just told your wife that y'all better get on those knees & beg your god to get off of me cause I'm getting real sick & tired of his bullshit, so I let her know, but in case y'all aint reading my text, you better read this one cause your house can burn just as good as that fucking church building, do you understand me now?"

4/29/2019

From (816) XXX-8766

To (573) XXX-1075

"Kiss your building good-bye too…"

5/2/2019

From (816) XXX-8766

To (573) XXX-1075

"Sorry about your building & any bitches that's there when I get there…"

5/3/2019

From (816) XXX-8766

To (573) XXX-1075

This is your last weekend in your building, I can't keep living on nothing & there's no-one to help me

7

> so all I can do now is die. I'm not dying up here,
>
> down there & since I have to burn forever I'm
>
> taking y'alls building with me.

13.    On May 7, 2019 at approximately 4:52 pm, Investigator Caid indicated the victims received another text from Pikey which stated "I gave you chances to talk with me & I also gave you a chance to save your building. I almost have all of what I need to come down there & when I do, I'm not talking then. Today is the day & now is the accessible time...."

14.    On May 7, 2019, a Stored Communication, GPS/Ping Emergency Request Form was submitted to Sprint for telephone number (816)787-8766. Sprint advised (816)787-8766 is registered to Dennis Pickey (name misspelled). GPS location information that was provided showed the target phones location at 8:15 pm was consistent with being at Pikey's known residence, 3931 E. Scarritt Ave, Apartment 2, Kansas City, Missouri. Toll records verified numerous outgoing texts to both of the victim's cell phone numbers.

15.    On May 14, 2019, Dennis Ray Pickey was taken into custody at his residence, 3931 Scarritt Ave. Apartment 2, Kansas City, Missouri, by the Federal Bureau of Investigation (FBI) in Kansas City, Missouri on an Arrest Warrant for (10) ten Counts of Title 18, U.S.C. Section 844(e). A search warrant was also served at Pikey's residence that was obtained through the Western District of Missouri. A white LG cellular phone, Model LS676, ID 2NFLS676, serial number 709CYMR2498411, was located on a bed in the apartment.

16. After Pikey's arrest, he was advised of his Miranda Rights, which he waived and agreed to talk to interviewing agents. Pikey stated the cell phone that was recovered was the only cell phone he had and stated his cell phone number was (816)787-8766. Pikey admitted to sending texts to L.G. and T.G. about threatening to burn their church building down in Bertrand, Missouri.

17. During his post-arrest interview, Pikey also stated that he had sent additional texts threatening to travel to Portageville, Missouri to sexually assault victim T.C. Pikey could not recall T.C.'s cell phone number. Pikey grew up with T.C. and said he was going to "F" her because of all the years they ran around together. Pikey last texted T.C. a couple of days prior to his arrest, but she has not responded to him since last summer.

18. The Device is currently in storage at **the Federal Bureau of Investigation, 2222 Market Street, St. Louis, Missouri.** In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the **Federal Bureau of Investigation (FBI) in Kansas City, Missouri.**

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of

9

transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

20. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as **portable computer and access online site as well as utilize wifi.** In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device, photos, communications such as texts or emails, internet history and locations the device was used to navigate to for the user of the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

service provider are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

22. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is

11

    evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

24. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

*[signature]*

Brian W. Ritter
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on May 28, 2019:

*[signature]*
UNITED STATES MAGISTRATE JUDGE

13

## **ATTACHMENT A**

The property to be searched is an LG Cell Phone, Model LS676, Serial Number 709CYMR2498411, hereinafter the "Device." The Device is currently located at the

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1.  All records on the Device described in Attachment A that relate to violations of **Title 18, United States Code, Section 844(e)** and involve **Dennis Ray Pikey** since on or about **February 26, 2019**, including:

    a. emails, texts, call history logs;

    b. photos;

    c. contacts listed in the phone to identify and/or verify known victims;

2.  Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.  Records evidencing the use of the Internet to communicate, including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.